**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leonard GOODAY, Defendant-Appellant.**

**No. 82–1412.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 1983.

Decided Aug. 23, 1983.

---

Gary S. Kneip, Tucson, Ariz., for defendant-appellant.

Rhonda L. Repp, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before FAIRCHILD *, HUG, and FARRIS, Circuit Judges.

HUG, Circuit Judge:

Gooday appeals a pretrial order denying his motion to dismiss, on double jeopardy grounds, the indictment pending against him. Appellate jurisdiction exists under *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977).

Gooday was tried under a one-count indictment for first-degree murder. At Gooday's request, the jury was instructed on the lesser included offenses of second-degree murder, voluntary manslaughter, and involuntary manslaughter. The jury acquitted him of the first-degree murder charge, but was unable to reach a verdict on the three lesser included offenses. The court consequently ordered a mistrial and, under the same indictment, set the case for retrial on the lesser included offenses. Gooday thereafter filed his motion to have the indictment dismissed on double jeopardy grounds, the denial of which he now appeals.

Gooday argues (1) that he cannot be retried for the lesser offenses because he was acquitted on the sole count specified in the indictment, and (2) that even if he can be retried for the lesser offenses, prosecutorial abuses that occurred in the course of the trial bar retrial under the double jeopardy clause. We affirm.

I

Gooday argues that the lesser included offenses on which the jury received instructions cannot be treated as additional counts to the indictment. The indictment issued against Gooday charged:

> That on or about July 13, 1981, at or near Carrizo, on the Fort Apache Indian Reservation, in Indian Country, in the District of Arizona, LEONARD GOODAY, an Indian, with premeditation and malice aforethought did willfully and deliberately and by means of a knife kill and murder Lloyd Pinal, Jr., all in violation of Title 18, United States Code, Sections 1153 and 1111.

Gooday contends that this indictment ceased to exist when the jury acquitted him of first-degree murder. We disagree.

One of the essential purposes of an indictment is to give a defendant sufficient notice of the charges of which he stands in jeopardy to enable him to prepare a defense. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–1047, 8 L.Ed.2d 240 (1962); *United States v. Ander-*

* The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*son*, 532 F.2d 1218, 1222 (9th Cir.1976), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976). The notice provided by each count within an indictment is not, however, limited to the charge explicitly set out in that count. A defendant may be found guilty of any lesser offense necessarily included within the offense explicitly charged. Fed.R.Crim.P. 31(c). In the jury trial context, each of an indictment's counts thus notifies a defendant not only that he is to be tried for the offense explicitly charged, but also that the jury may be instructed as to lesser offenses included within that charge. *See United States v. Stolarz*, 550 F.2d 488, 492 (9th Cir.1977), *cert. denied*, 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977).

■ If no instructions are given on lesser included offenses, the jury's verdict is limited to whether the defendant committed the crime explicitly charged in the indictment. In such cases, an acquittal on the crime explicitly charged necessarily implies an acquittal on all lesser offenses included within that charge. *In re Nielsen*, 131 U.S. 176, 189–190, 9 S.Ct. 672, 676–677, 33 L.Ed. 118 (1889). An acquittal on the explicit charge therefore bars subsequent indictment on the implicit lesser included offenses. *Id.*

■ Gooday's appeal presents a different case. At Gooday's request, the jury was instructed that, under the indictment's explicit first-degree murder charge, it could also find Gooday guilty of one of three lesser included offenses. The jury acquitted Gooday on the first-degree murder charge but could not decide as to the lesser offenses. Gooday now contends that since he was acquitted on the indictment's only explicit charge, he may not be retried on the lesser offenses.

The Supreme Court touched on this issue in dicta in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Green had been indicted on two counts, arson and first-degree murder. At trial, the jury was instructed that it could find Green guilty of either first-degree or second-degree murder under the first-degree murder count. Green was convicted of

arson and second-degree murder. The murder conviction was reversed on appeal. On remand, Green was tried for and convicted of first-degree murder under the original indictment. The conviction was affirmed on appeal.

The precise issue the Court confronted in *Green* was whether the double jeopardy clause barred Green's retrial for first-degree murder. The jury, in convicting Green of second-degree murder, had made no mention of the first-degree charge explicitly set out in the indictment. In analyzing how the second-degree murder conviction and the first-degree murder charge should be treated, the Court stated:

> In substance the situation was the same as though Green had been charged with these different offenses in separate but alternative counts of the indictment. The constitutional issues at stake here should not turn on the fact that both offenses were charged to the jury under one count.

*Id.* at 190 n. 10, 78 S.Ct. at 225 n. 10. Ultimately, the Court held that the jury's second-degree murder verdict in the initial trial impliedly acquitted Green on the first-degree count. Because Green's double jeopardy claim was based on his having been retried on the first-degree count, the Court did not reach the question presented by this case—whether the defendant could have been retried on the lesser included offense of second-degree murder. *Id.* at 190 n. 11, 78 S.Ct. at 225 n. 11.

Two years later, the District of Columbia Circuit directly confronted this issue in *Edmonds v. United States*, 273 F.2d 108 (D.C. Cir.1959), *cert. denied*, 362 U.S. 977, 80 S.Ct. 1062, 4 L.Ed.2d 1012 (1960). Edmonds had been found guilty of second-degree murder as a lesser included offense under the indictment's first-degree murder count. The conviction was reversed on appeal, and Edmonds was retried for second-degree murder under the first-degree count. Edmonds appealed, arguing that the jury's second-degree verdict, as an implied acquittal on the indictment's first-degree count under *Green*, made him immune from further

prosecution for any offense included under the indictment's first-degree count.

The *Edmonds* court rejected this interpretation. It held that *Green* did not bar, on double jeopardy grounds, a new trial under the indictment for second-degree murder even though Edmonds could not be retried on the greater first-degree count specified in the indictment. *Id.* 273 F.2d at 113–14. *Edmonds* thus interpreted *Green* as granting independent force to lesser included offenses on which a jury has been instructed under one count of the indictment.

We have agreed with this analysis in dicta, *see Forsberg v. United States,* 351 F.2d 242, 247 (9th Cir.1965), *cert. denied,* 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212 (1966), and now squarely hold that such lesser included offenses should be treated as if they had been specified in separate counts of the indictment. Gooday's acquittal on the indictment's first-degree murder count does not preclude retrial on the three lesser included offenses on which the jury was instructed.

## II

■ Gooday urges that his retrial on the lesser included offenses, on which the jury was deadlocked, is barred because a mistrial occurred and there was prosecutorial misconduct and overreaching. First, we note that the mistrial was declared because the jury was deadlocked, not because of any finding of prosecutorial misconduct or overreaching. When a trial ends as a result of the jury being unable to reach a unanimous verdict, the double jeopardy clause of the fifth amendment does not bar retrial. *United States v. Perez,* 22 U.S. (9 Wheat) 579, 580, 6 L.Ed. 165 (1824); *United States v. Brown,* 677 F.2d 26, 27 (6th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 124, 74 L.Ed.2d 107 (1982); *see also United States v. Sanford,* 429 U.S. 14, 16, 97 S.Ct. 20, 21, 50 L.Ed.2d 17 (1976).

■ Appellant seeks to rely upon a line of cases in which a mistrial was declared as a result of the defendant having been goaded into moving for the mistrial by prosecutorial conduct that was intended to provoke such action. *See Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089–2090, 72 L.Ed.2d 416, 425 (1982). That line of cases does not pertain to this situation, where the mistrial was declared *sua sponte* by the judge as a result of a hung jury, not as a result of prosecutorial misconduct intended to provoke a mistrial. We are not persuaded by defendant's contention that the jury's failure to acquit must have resulted from prosecutorial misconduct.

## III

The fifth amendment's double jeopardy clause does not bar the Government from subjecting Gooday to a second trial under the original indictment for the lesser included offenses on which the jury was deadlocked. We therefore affirm the district court's denial of Gooday's motion to dismiss the indictment.

AFFIRMED.