990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Tapia ANCHONDO, Defendant-Appellant.
 No. 91-50686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided March 25, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anchondo was tried for cocaine offenses, but the jury hung. He moved to dismiss the indictment. The district court denied the motion and set the case for another trial. This is an interlocutory appeal of the denial of the motion to dismiss. Anchondo claims that a new trial would violate the double jeopardy clause of the Fifth Amendment. We hold that it would not, and affirm.
 
 
 3
 We review the denial of a motion to dismiss an indictment on the grounds of double jeopardy de novo. United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990). We have jurisdiction under Abney v. United States, 431 U.S. 651, 662 (1977).
 
 
 4
 It has long been the law that the double jeopardy clause does not bar a second trial necessitated by a hung jury. United States v. Perez, 9 Wheat. 579 (1824). Anchondo argues that he falls within the exception to this rule, for prosecutorial misconduct intended to goad the defendant into moving for a mistrial. Oregon v. Kennedy, 456 U.S. 667 (1982). He claims that the government intentionally misled the jury by its own confusion of the identities of two similarly named men, commented adversely on Anchondo's failure to present evidence on certain issues, and wrongly suggested that Anchondo and his wife used cash in a safe deposit box to pay their living expenses.
 
 
 5
 Anchondo's double jeopardy claim fails, because the mistrial was declared sua sponte by the judge as a result of a hung jury, not because of any finding of prosecutorial misconduct or overreaching. The result in this case is compelled by controlling precedent in this circuit. United States v. Gooday, 714 F.2d 80, 83 (9th Cir.1983), cert. denied 468 U.S. 1217 (1984). In Gooday, we rejected the argument made by Anchondo:
 
 
 6
 Gooday urges that his retrial on the lesser included offenses, on which the jury was deadlocked, is barred because a mistrial occurred and there was prosecutorial misconduct and overreaching. First, we note that the mistrial was declared because the jury was deadlocked, not because of any finding of prosecutorial misconduct or overreaching. When a trial ends as a result of the jury being unable to reach a unanimous verdict the double jeopardy clause of the fifth amendment does not bar retrial (citations omitted).
 
 
 7
 Appellant seeks to rely upon a line of cases in which mistrial was declared as a result of the defendant having been goaded into moving for the mistrial by prosecutorial conduct that was intended to provoke such action. That line of cases does not pertain to this situation, where the mistrial was declared sua sponte by the judge as a result of a hung jury, not as a result of prosecutorial misconduct intended to provoke a mistrial.
 
 
 8
 Gooday, 714 F.2d at 83 (citations omitted).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3