**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

DAVID DURAN,

    Defendant - Appellee.

No. 97-2087

D. New Mexico

(D.C. No. CR 96-253 JP)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McWILLIAMS**, and **MURPHY**, Circuit Judges.

---

The United States appeals from a district court order granting David Duran's motion for judgment of acquittal after a jury had found him guilty of armed robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 2. We affirm the district court's judgment of acquittal for armed robbery; but, we remand to the district court with directions to enter judgment against Duran for the lesser included offense of bank robbery.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

David Duran was charged in an indictment with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 2.[1]  The case proceeded to a two-day jury trial, where the government presented evidence focused narrowly on the bank robbery itself and the short period immediately following.  At trial, the government produced witnesses who stated that on April 17, 1996, Duran and Alfonso Valencia parked in a "No Parking" zone in front of First Security Bank in Albuquerque, and Duran remained in the vehicle while Valencia entered the bank.  Once he entered the bank, Valencia produced a firearm and demanded money from the tellers.  When Valencia returned to the car with money and firearm in hand, Duran slid over to the passenger side of the vehicle.[2]  The government presented no evidence that Duran saw the firearm; however, Duran remained in the vehicle, making no apparent attempt to escape, as Valencia drove away from the bank.

---

[1]In Count II of the indictment, Duran was also charged with carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  R. Vol. I, tab 15 at 1.  However, Duran was not tried on this count.  See R. Vol. II at 7; R. Vol. III at 267.

[2]Although one of the bank tellers testified that she had seen Duran move from the driver's side to the passenger side of the vehicle, R. Vol. II at 40, on cross-examination she agreed with counsel that it was possible Duran had merely been leaning over onto the driver's side and had actually remained seated on the passenger's side of the vehicle the entire time.  Id. at 46.  On redirect, however, she again asserted that she had seen Duran in the driver's seat.  Id. at 52.

The Albuquerque police, who had received a call about the bank robbery along with a vehicle description, spotted Duran and Valencia's vehicle several blocks from the bank and initiated pursuit. Valencia, who was driving, accelerated, and during a chase of more than five miles, sped through at least four red lights in an attempt to evade the police. He finally stopped after being involved in a minor traffic accident, at which time he and Duran abandoned the vehicle and fled on foot in opposite directions. While fleeing, Duran climbed over several fences, crouched near some vehicles, discarded his shirt, and entered a U.S. Postal Service building where he encountered an employee. He did not speak with the employee and left the building. Eventually, police found him hiding under a vehicle in the postal service's employee parking lot. Upon arrest, Duran did not have a firearm and carried only $90, which he asserted was his and which he requested not be mixed up with the bank's money. Valencia was found at another location at approximately the same time. He was carrying a firearm similar to the one used in the bank robbery and had a substantial amount of the bank's money stuffed in his pants.[3] Although in its opening argument the

---

[3]Of the approximately $5220 taken from the bank, $4170 was ultimately recovered. R. Vol. II at 130-31. Of the money recovered, $3000-$4000 was found on Valencia's person. Id. at 64. No explanation was offered at trial for the discrepancy between the amount of money stolen and the amount which was recovered.

government referred to Duran and Valencia as friends, the government presented no evidence of the relationship between them.

At the close of the government's case, Duran moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a), on the grounds that the government had failed to prove that he had aided and abetted Valencia in committing the bank robbery or that he knew a firearm would be used. After hearing arguments by counsel for both sides, the district court reserved ruling on the motion. At the close of all evidence, Duran renewed his motion for a judgment of acquittal, which the district court denied. The case was submitted to the jury, with the following instruction directly relating to the offense of armed bank robbery:

> For you to find The Defendant, David Duran guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> One, that the Defendant took from the person or presence of another, money;
> Two, that the money was then in the possession of a federally insured bank as charged. . . .
> Three, that the Defendant did so by means of force, or violence, or intimidation;
> Fourth, that the Defendant assaulted some person, or put in jeopardy the life of some person by the use of a dangerous weapon or device while engaged in taking the money, as charged.

R. Vol. III at 255-56.

Neither the government nor Duran requested, and the district court did not give, an instruction on the lesser included offense of bank robbery. Thereafter, the jury found Duran guilty of armed bank robbery. Duran then moved again for

-4-

a judgment of acquittal pursuant to Rule 29(c), on the ground of insufficient evidence, and the district court granted the motion.[4]

On appeal, the government argues that the district court erred in entering a judgment of acquittal on the armed robbery charge. In the alternative, the government urges this court to remand and direct the district court to enter a judgment of conviction for the lesser included offense of bank robbery.

## DISCUSSION

### A.

The government argues first that the district court erred in granting Duran's motion for a judgment of acquittal on the armed bank robbery charge because there was sufficient evidence showing Duran knew or had notice that a dangerous weapon would be used in the bank robbery. Appellant's Br. at 13-14. In considering a motion for a judgment of acquittal, both the district court and the court of appeals must "view the evidence in the light most favorable to the

---

[4]In its Memorandum and Order, the district court explained that although it had previously denied Duran's motion, it was now granting the motion for a judgment of acquittal because it had erred in considering all of the evidence. R. Vol. I, tab 83 at 2-3. The court correctly stated that because Duran's motion had been made at the close of the government's evidence and the court had reserved ruling, the court could now decide the motion based only on the evidence presented by the government. Id. at 3; see Fed. R. Crim. P. 29(b) (stating that if a court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling on the motion was reserved).

government and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." United States v. White, 673 F.2d 299, 301, 302 (10th Cir. 1982). A judgment of acquittal should be granted only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id. at 301.

In support of its claim that Duran knew that a firearm would be used in the bank robbery, the government offers the following evidence:

(1) Duran reacted calmly when Valencia approached the car carrying a handful of cash and a firearm.
(2) Duran slid over immediately when Valencia exited the bank and approached the driver's door of the vehicle.
(3) Duran did not attempt to leave the vehicle at any time during the police pursuit or to otherwise disassociate himself from Valencia.
(4) Duran fled from the police.
(5) Duran discarded his shirt as he fled from the police.

Appellant's Br. at 15-18. As to the first fact offered by the government, the district court correctly concluded that evidence of Duran's reaction was presented only by the defense and not by the government in its case-in-chief; as a result, as discussed above, we are not permitted to consider such evidence here even if it were probative, which is doubtful. See R. Vol. I, tab 83 at 6; Fed. R. Crim. P. 29(b). Viewed in the light most favorable to the government, the remaining four facts go only to the question of Duran's participation in the bank robbery. They do not indicate in any way that Duran knew or had notice that a firearm would be used. We therefore agree with the district court that the government failed to

-6-

introduce evidence sufficient to allow a reasonable jury to find that Duran had knowledge or notice that a firearm would be used in the bank robbery. Accordingly, we conclude that the judgment of acquittal for armed robbery was proper.

**B.**

In the alternative, the government urges this court to exercise its authority under 28 U.S.C. § 2106 to remand and order the district court to enter a judgment of conviction for the lesser included offense of bank robbery. Appellant's Br. at 19-20; see 18 U.S.C. § 2113(a). In response, Duran argues that we are precluded from remanding and directing entry of judgment for the lesser included offense of bank robbery because the jury was not explicitly instructed on that offense. See Appellee's Reply Br. at 22-23 (citing United States v. Vasquez-Chan, 978 F.2d 546, 554 (9th Cir. 1992); United States v. Gooday, 714 F.2d 80, 81-83 (9th Cir. 1983)). He also argues that there is insufficient evidence to support a conviction for the lesser included offense of bank robbery. Appellee's Reply Br. at 21-22.

Duran's argument concerning the lack of a jury instruction ignores the law of this circuit, as well as others, to the effect that a separate jury instruction on the lesser included offense is not required as a prerequisite to exercising § 2106 authority. See, e.g., United States v. Smith, 13 F.3d 380, 383 (10th Cir. 1993)

-7-

(remanding for resentencing on the lesser included offense despite absence of jury instruction); United States v. Hunt, 129 F.3d 739, 745-46 (5th Cir. 1997) (same); United States v. Cobb, 558 F.2d 486, 489 (8th Cir. 1977) (finding that a conviction under 18 U.S.C. § 2113(d) necessarily established each element of § 2113(a) and remanding for resentencing despite absence of jury instruction).[5]

The essence of these authorities is that a defendant suffers no prejudice by entry of a conviction on a lesser included offense if the instructions given to the jury actually contained the elements of that offense and the jury necessarily had to find each of those elements beyond a reasonable doubt. In short, the question is whether for all practical purposes the jury was instructed on the lesser included offense. That is the case here. As set forth above, the jury in this case was thoroughly instructed as to all of the elements of armed bank robbery, and except for armed robbery's additional element requiring assault or the use of a dangerous weapon placing a person in jeopardy, the elements of unarmed and armed bank robbery are precisely the same. Compare 18 U.S.C. § 2113(a) with 18 U.S.C.

---

[5]Although other circuits have ordered the entry of judgment for a lesser included offense when, in fact, the jury had been instructed on that offense, see, e.g., United States v. Boissoneault, 926 F.2d 230 (2d Cir. 1991); Government of the Virgin Islands v. Josiah, 641 F.2d 1103 (3d Cir. 1981), only the Ninth Circuit appears to explicitly require jury instructions on the lesser included offense. See, e.g., Vasquez-Chan, 978 F.2d at 554; Gooday, 714 F.2d at 82.

§ 2113(d).[6] As a result, the jury was necessarily instructed on every element of the lesser included offense of bank robbery, and it necessarily found beyond a reasonable doubt each of the elements of unarmed bank robbery in the course of reaching a guilty verdict for armed bank robbery. Under these circumstances, a separate instruction would have been redundant.

We are also unpersuaded by Duran's argument that there is insufficient evidence to support a conviction for unarmed bank robbery under 18 U.S.C.§ 2113(a). The government presented evidence that Duran was present in the vehicle parked in front of the bank during the bank robbery, that he remained in the vehicle when Valencia drove away from the bank, and that Duran fled from

---

[6]Under § 2113(a),

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . .
>
> . . . .
> Shall be fined under this title or imprisoned not more than twenty years, or both.

Under § 2113(d),

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

the police and attempted to conceal himself.[7]   See R. Vol. II at 39, 57, 58, 24-25.

Considered in the light most favorable to the government, this evidence is

sufficient to support a conviction for the lesser included offense of bank robbery.[8]

---

[7]We also acknowledge the district court's careful jury instructions regarding the appropriate inferences that could be drawn from this evidence.  For example, the district court warned the jury that "[i]t is not enough that the Defendant merely associated with Alfonso Valencia, or was present at the scene of the crime."  R. Vol. III at 258.  The district court also advised the jury that although Duran's flight and attempts at concealment are "circumstantial [evidence] that, if proved, can be considered by the jury as showing a consciousness of guilt," the court also advised the jury that "there may be reasons fully consistent with innocence, that could cause a person to flee and conceal himself," such as "[f]ear of law enforcement, or reluctance to become involved in an investigation."  Id. at 257.

[8]It is problematic whether the parties' arguments are part of or independent from an analysis of the Allison factors, which is the traditional approach in this circuit for exercising authority under 28 U.S.C. § 2106.  See United States v. Smith, 13 F.3d 380, 383 (10th Cir. 1993) (quoting Allison v. United States, 409 F.2d 445, 451 (D.C. Cir. 1969)); see also Rutledge v. United States, 116 S. Ct. 1241, 1249-50 & n.15 (1996) (approving the federal appellate courts' practice of directing entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense, and citing the Allison factors).  But since neither the government nor Duran addresses the Allison factors and since it is not necessary to our disposition of this case to do more than we have done, we do not pursue these factors.

**CONCLUSION**

Therefore, the district court's judgment of acquittal for armed bank robbery is AFFIRMED. However, the case is REMANDED to the district court with directions to enter a judgment of conviction for the lesser included offense of bank robbery and to sentence Duran in a manner consistent with this opinion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

97-2087, U.S. v. Duran

Judge McWilliams dissenting:

David Duran was charged, *inter alia,* with aiding and abetting Alfonso Valencia in an armed bank robbery in violation of 18 U.S.C. § 2. There is no doubt that there was an armed bank robbery and I am of the view that the evidence is sufficient to show that Duran knowingly aided and abetted in that robbery. Being of that view, I would hold that the district court erred in granting Duran's post-trial motion for judgment of acquittal and I would reverse and remand with direction to the district court to reinstate the jury's verdict.