145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enrique Alberto FLORES, Petitioner-Appellant,
v.
Grant WOODS; Terry L. Stewart, Respondents-Appellees.
 No. 97-16256.
D.C. No. CV-95-00399-JMR.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the District of Arizona John M. Roll, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Enrique Alberto Flores, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1991 conviction for second-degree murder. We review de novo a district court's denial of a habeas corpus petition. See Morales v. Calderon, 85 F.3d 1387, 1389 n. 6 (9th Cir.), cert.denied, --- U.S. ----, 117 S.Ct. 500, 136 L.Ed.2d 391 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Flores contends that his acquittal on charges of first-degree murder barred his subsequent conviction for the lesser included offense of second-degree murder. We disagree. Flores's second-degree murder conviction did not constitute double jeopardy because the jury that acquitted Flores of first-degree murder deadlocked on the lesser included offense of second-degree murder, and a mistrial was declared. Thus, jeopardy never terminated as to the second-degree murder charge. See Weston v. Kernan, 50 F.3d 633, 636 (9th Cir.1995) (stating that when trial court declares mistrial, retrial is allowed if defendant consented to mistrial or if mistrial was caused by "manifest necessity"); cf. United States v. Gooday, 714 F.2d 80, 82-83 (9th Cir.1983) (direct appeal; where jury is instructed that it may convict defendant of lesser offenses, jeopardy as to lesser included offense does not terminate when jury acquits on greater offense).
 
 
 4
 We decline to consider Flores's argument that his trial attorney was "duped" by the state trial court into assenting to the declaration of mistrial, as this argument was not raised in the district court. See Tomlin v. Myers, 30 F.3d 1235, 1240 (9th Cir.1994).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3