Steven CHESTARO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 98 Civ. 2967 (LAK).

United States District Court, S.D. New York.

July 30, 1998.

Alexander E. Eisemann, New York City, for Petitioner.

Daniel Himmelfarb, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Petitioner seeks relief from his conviction and sentence for violation of 18 U.S.C. § 111 pursuant to 28 U.S.C. § 2255.

### Facts

Petitioner was charged on May 9, 1997 in a one-count indictment with assaulting three United States Postal Police Officers with a box cutter in violation of 18 U.S.C. § 111. Although at least two circuits have held that the use of weapons or the infliction of bodily injury in an assault on a federal officer are not elements of the Section 111 offense,[1] but simply sentencing enhancements, the indictment charged them as elements.

Trial began on July 29, 1997. The jury in substance was instructed—consistent with the indictment, as the government requested, and without objection—that (1) the jury might convict for · violation of Section 111(b)—assault on a federal officer—if it found the four elements of a Section 111 violation plus use of a deadly or dangerous weapon or with the infliction of bodily injury, and (2) violation of Section 111(a) is a lesser included offense identical to a Section 111(b) violation except that it does not require infliction of bodily injury or use of a deadly or dangerous weapon.

The jury, after several hours of deliberation and an *Allen* charge, announced that it had reached a verdict on the Section 111(b) charge but was hopelessly deadlocked on the lesser included offense. (Tr., 7/29/97, at 158) The defense resisted the declaration of a mistrial and urged the Court to inquire as to whether the jury had reached a partial verdict (*id.* at 158–59), obviously hoping that the jury had decided to acquit on the much more serious Section 111(b) charge. The Court did so. The jury thereupon returned a verdict of not guilty on the Section 111(b) charge. The Court then inquired as to whether there was any objection to its declaring a mistrial as to the lesser included offense. Both sides announced that there was not. The Court therefore declared a mistrial and discharged the jury. (*Id.* at 163–64)

The Section 111(a) charge was retried on October 28, 1997 and resulted in a verdict of guilty. At sentencing, the Court found that the petitioner had assaulted the officers with a box cutter, conduct of which he arguably had been acquitted in the first trial, and sentenced the defendant to, among other things, 33 months imprisonment.

### Discussion

The Section 2255 petitioner appears to raise three grounds for relief:

█ 1. Chestaro first claims that the retrial violated the Double Jeopardy Clause on the theory that the acquittal under Section 111(b) precluded the subsequent prosecution for a lesser-included offense. (Pet.¶ 12) While petitioner is correct in arguing that an acquittal of a greater offense often precludes subsequent prosecution for a lesser-included offense,[2] the rule is otherwise where the jury in the first trial not only acquits on the greater offense but, as here, hangs on the lesser included offense.[3] The principle upon

---

1. *E.g., United States v. Segien,* 114 F.3d 1014, 1017–20 (10th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1310, 140 L.Ed.2d 474 (1998); *United States v. Young,* 936 F.2d 1050, 1054 (9th Cir.1991).

2. *E.g., United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir.1982), *cert. denied,* 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983).

3. *United States v. Gooday,* 714 F.2d 80, 81–83 (9th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984); *United States v. Payne,* 832 F.Supp. 594, 597 (E.D.N.Y.1993).

which the petitioner relies rests on the fact an acquittal on the greater offense, in circumstances in which the lesser included offense is not also submitted to the jury, leaves open the possibility that the acquittal was based on the government's failure to prove an element common to the lesser included offense. Hence, it would violate the constitutional proscription of double jeopardy later to try the defendant on the lesser included offense. Here, on the other hand, the lesser included offense was submitted to the jury. Its inability to reach a verdict on that charge necessarily means that the acquittal on the greater offense rested on the government's failure to prove beyond a reasonable doubt that petitioner inflicted bodily injury or used a deadly or dangerous weapon, not on a failure to prove any of the elements of the lesser included offense. There was, in consequence, no double jeopardy obstacle to the second trial.

■ 2. Chestaro next argues that his trial counsel—who, in the Court's view provided an able, imaginative and effective defense that, among other things, was responsible for the Court taking the partial verdict that eliminated Chestaro's exposure to the 10–year maximum sentence for violation of Section 111(b), as opposed to declaring a mistrial as to both the Section 111(b) charge and the lesser included offense—provided ineffective assistance in that he failed to ask Chestaro whether he wished to consent to the Court's declaration of a mistrial on the lesser included offense. The theory seems to be that Chestaro, had he been asked, would have refused consent, that there would have been a double jeopardy bar to the second trial absent consent, and that the failure to ask therefore was ineffective assistance. The point, however, is frivolous in view of the fact that petitioner's consent was unnecessary to the retrial. The hung jury on the lesser included offense constituted "manifest necessity" for the retrial. *See United States v. Millan,* 17 F.3d 14, 19 (2d Cir.1994); *United States v. Huang,* 960 F.2d 1128, 1135 (2d Cir.1992); *United States v. Rivera,* 802 F.2d 593, 597 (2d Cir.1986).

3. Finally, Chestaro argues that the government unnecessarily charged that infliction of injury or use of a weapon, as these were merely factors warranting a sentencing enhancement. From this he appears to leap to the conclusion that his subsequent prosecution for violation of Section 111(a), which of course did not require that the jury find infliction of injury or use of a deadly or dangerous weapon, was unconstitutional.

■ There is simply no support for the argument. For one thing, there is no reason to suppose that the jury in the first trial would not have hung on the Section 111(a) charge even if the government had not indicted as if bodily injury or use of a weapon were elements of the offense rather than aggravating factors relevant to sentencing. Had the jury done so, of course, the retrial would have been appropriate anyway on the manifest necessity theory. Moreover, this contention was not raised at trial and has been forfeited. Nor can Chestaro enter through the back door of ineffective assistance on the theory that counsel should have raised the argument at or before the second trial. There is no showing that the failure to raise this at best novel point fell below the requisite range of performance or that the result probably would have been different had the point been raised. *See Strickland v. Washington,* 466 U.S. 668, 687, 691–95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, this surely is a point that may be raised on direct appeal, as it is apparent on the face of the record. It therefore is not a proper subject of a Section 2255 application.[4]

### Conclusion

For all of the foregoing reasons, the petition is denied. Given the low threshold applicable here, the Court grants a certificate of probable cause as to the first of the grounds discussed above. The Clerk is directed to close the file.

SO ORDERED.

---

**4.** *See Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992) (failure to raise claim on direct appeal constitutes procedural default precluding collateral challenge absent showing of cause and prejudice).