**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GORDON ANDREW DOUGLAS,
          *Petitioner-Appellant,*

v.

FRANCISCO JACQUEZ and ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,
          *Respondents-Appellees.*

No. 08-17478

D.C. No.
2:97-cv-00775-FCD-
JFM

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted
August 12, 2010—San Francisco, California

Filed November 24, 2010

Before: Susan P. Graber, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea;
Dissent by Judge Graber

18827

**COUNSEL**

Barry L. Morris, Attorney at Law, Walnut Creek, California, for the petitioner-appellant.

Edmund G. Brown, Attorney General of California, for the respondents-appellees.

**OPINION**

BEA, Circuit Judge:

We are asked to decide whether a federal habeas court can order a state court to re-sentence a defendant under a lesser-included offense that was not considered by the jury.

Gordon Andrew Douglas was convicted by a California jury of one count of first-degree murder in violation of California Penal Code § 187, and a separate count of arson of an inhabited structure in violation of California Penal Code § 451(b). The evidence at trial established that Douglas and his brother broke into Jack Clark's home to commit a robbery. During the course of the robbery, Douglas stabbed Clark to death. Several hours later after Clark was killed, Douglas and his brother returned to the scene of their crime and set fire to Clark's house to destroy any fingerprints they might have left behind. Douglas was sentenced to twenty-five years to life in prison on the murder count, with a consecutive sentence of eight years on the arson count. In April 1997, after Douglas's direct appeals and state habeas claims were exhausted, he filed a habeas petition in federal district court.

In February 2008, the district court granted Douglas habeas relief on a single ground: there was insufficient evidence to support Douglas's conviction for arson of an inhabited structure in violation of California Penal Code § 451(b). The state

has not appealed this ruling, and we make no ruling regarding its validity. The only issue before us is the relief afforded. The district court vacated Douglas's conviction under § 451(b), but remanded the case to the state court with instructions for the state court to enter judgment against Douglas for violation of § 451(c), arson of a structure.

On appeal, Douglas contends that the district court exceeded its habeas powers when it directed the state court to enter a judgment against him for a violation of § 451(c). Douglas further contends that imposition of a sentence under § 451(c) would expose him to double jeopardy in violation of the Fifth Amendment to the United States Constitution, incorporated as a limitation against the states by the Fourteenth Amendment's Due Process Clause. *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Indeed the district court did exceed its habeas powers when it directed the state to modify Douglas's sentence. However, the Double Jeopardy Clause would not be implicated if the state court, of its own accord, were to re-sentence Douglas under § 451(c). We vacate the district court's order, and remand with instructions that Douglas be granted a conditional writ of habeas corpus as to the arson count only.

## I.  The District Court's Habeas Jurisdiction

Douglas was convicted of arson of an inhabited structure under § 451(b). The district court, relying on *People v. Ramos*, 60 Cal. Rptr. 2d 523, 525 (Cal. App. 1997), held Clark's house was not "inhabited" under California law, because the sole resident was killed by Douglas before he set the fire.[1] California did not cross-appeal this ruling, so we are

---

[1]We note, however, two distinctions between this case and *Ramos*. First, *Ramos* was a burglary case, not an arson case. 60 Cal. Rptr. 2d 523. 524. Second—and more importantly—the already-deceased occupant in *Ramos* died of natural causes. *Id*. But here, Douglas murdered the inhabitant. Again, we proceed under the district court's interpretation of California law. The extension of *Ramos* to these facts strikes us as problematic, but not problematic enough to affect the ground for decision.

constrained to proceed under the district court's interpretation of California law. *See Greenlaw v. United States*, 128 S. Ct. 2559, 2564 (2008) (under an "unwritten but longstanding rule, an appellate court may not alter a judgment to benefit a non-appealing party"); *id.* ("it takes a cross-appeal to justify a remedy in favor of an appellee."). Under the district court's interpretation, Clark should have been charged with arson of a structure under § 451(c) instead of arson of an inhabited structure under § 451(b). Section 451(c) is a lesser-included offense of § 451(b).[2]

**[1]** Nonetheless, the district court exceeded its habeas jurisdiction when it instructed the state court to revise its judgment to enter a sentence for arson of a structure. The power of a federal habeas court "lies to enforce the right of personal liberty." *Fay v. Noia,* 372 U.S. 391, 430 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). As such, a habeas court "has the power to release" a prisoner, but "has no other power[.]" *Id*. at 431. "[I]t cannot revise the state court judgment; it can act only on the body of the petitioner." *Id.*

**[2]** Here, the district court impermissibly attempted to revise the state court judgment when it ordered the state to re-sentence Douglas under § 451(c). The district court's power under habeas corpus was either immediately to vacate the prisoner's arson sentence, or to postpone such relief for a reasonable period to allow the state court properly to sentence the prisoner.[3] *See, e.g., Hilton v. Braunskill,* 481 U.S. 770, 775 (1987).

---

[2]*Compare* Cal. Penal Code § 451(b) ("Arson that causes an inhabited structure or inhabited property to burn is a felony punishable by imprisonment in the state prison for three, five, or eight years.") *with* Cal. Penal Code § 451(c) ("Arson of a structure or forest land is a felony punishable by imprisonment in the state prison for two, four, or six years.").

[3]Of course, Douglas would not have been eligible to be released from prison in any event, because he had not yet served his sentence for the murder conviction.

**[3]** Under California law, a trial court can modify a jury verdict when the trial evidence establishes that the defendant is not guilty of the charged crime, but is guilty of a lesser included offense. Cal. Penal Code § 1181(6).**⁴** The only difference between an arson conviction under § 451(b) and a conviction under § 451(c) is whether the burned structure was inhabited. The district court found that although there was insufficient evidence of inhabitation, the jury necessarily found all the facts essential to convict Douglas for a violation of § 451(c) when it found him guilty of a violation of § 451(b).**⁵** Hence, a California state trial court can modify the judgment from a conviction under § 451(b) to a conviction under § 451(c). *See People v. Jones*, 199 Cal. App. 3d 543, 549-50 (Cal. App. 1988) (modifying a judgment of conviction for arson of an inhabited structure under § 451(b) to arson of an uninhabited structure under § 451(c) where there was insufficient evidence that the building Jones burned down was inhabited). Because the state has the power to correct the constitutional error of a criminal conviction based on insufficient evidence,**⁶** it should be given the opportunity to do so. *See Chioino v. Kernan*, 581 F.3d 1182, 1186 (9th Cir. 2009) ("[H]abeas remedies should not unnecessarily infringe on competing interests such as a state's interest in the administration of criminal justice.") (internal quotation marks and citation omitted).

---

**⁴**California Penal Code § 1181(6) provides, "[w]hen the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed[.]" A California court can also modify a judgment of conviction to a lesser included offense when that judgment is collaterally attacked in habeas proceedings. *See In re Bower*, 700 P.2d 1269, 1278 (Cal. 1985).

**⁵**The jury was not instructed on the lesser included offense, but the elements are exactly the same except the burned structure need not have been inhabited at the time of the arson.

**⁶***See Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

**[4]** Instead of directing the trial court to enter a judgment under § 451(c), the district court should have granted a conditional writ of habeas corpus and ordered that Douglas's conviction under § 451(b) be vacated only if the state court did not re-sentence him within a reasonable time, such as 90 days. The state court would thus have an opportunity to correct its own constitutional error.

## II.  The Double Jeopardy Clause

**[5]** Douglas contends that were he re-sentenced under § 451(c), he would be subject to double jeopardy in violation of the Fifth Amendment to the United States Constitution, incorporated as a limitation against the states by the Fourteenth Amendment's Due Process Clause. *Benton*, 395 U.S. at 794. This contention is without merit. In general, if a conviction is overturned on appeal on sufficiency of evidence grounds, "[t]he Double Jeopardy Clause forbids a second trial." *Burks v. United States*, 476 U.S. 1, 11 (1978). To permit a second trial after a conviction is overturned on appeal would "afford[ ] the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Id.* Here, though, the government presented sufficient evidence in the trial proceeding to convict Douglas of a violation of § 451(c), and the jury found Douglas guilty of all the necessary elements of § 451(c). In these circumstances, the Double Jeopardy Clause is not offended by entry of judgment on the lesser-included offense. All of the essential elements of § 451(c), a lesser-included offense of § 451(b), were necessarily found by the jury based on Douglas's *initial* prosecution.

**[6]** Although Douglas's jury was not instructed on the lesser-included offense, judgment may still be entered on a charge of violation of § 451(c), because Douglas was convicted, not acquitted, of the greater offense. In *United States v. Gooday*, 714 F.2d 80 (9th Cir. 1983), this court held "[i]f no instructions are given on lesser included offenses . . . an *acquittal* on [a greater] charge necessarily implies an acquittal

on all lesser offenses included within that charge. An acquittal on the explicit charge therefore bars subsequent indictment on the implicit lesser included offenses." *Id.* at 82 (emphasis added) (citations omitted). The *Gooday* rule makes sense. If a jury is not separately instructed on a lesser included offense, an acquittal on the greater offense may imply acquittal on one or more of the elements necessary for a conviction under the lesser offense. In such a case, the jury might have found proof lacking of essential elements contained in both the greater and lesser charges. If the jury did acquit based on a finding of lack of proof of elements of the lesser-included offense, any subsequent indictment on the lesser offense would indeed violate the Double Jeopardy Clause. But, unlike in *Gooday*, Douglas was *convicted* of the greater offense. On the way to finding him guilty of arson of an *inhabited* structure, the jury had necessarily found adequate proof that Douglas committed arson of a structure. Thus, whether the jury was instructed on the lesser included offense is irrelevant.

Contrary to the dissent's contention, our decision does not grant the prosecution "another bite at the apple." In this circumstance, the prosecution *necessarily* already proved the elements of a lesser-included offense. Thus, our decision simply permits the state court to carve a smaller slice from a bite which the prosecution has already taken.

Nor does *United States v. Vasquez-Chan*, (9th Cir. 1992), hold that the Double Jeopardy Clause is implicated by a trial court's failure to instruct the jury on a lesser-included charge. Vasquez-Chan was convicted in federal court of conspiracy to possess, with the intent to distribute, five grams of cocaine. *Id.* at 548. On direct appeal from the federal conviction, we held the evidence was insufficient to support the conviction. *Id.* at 553. The government contended the court was permitted to enter judgment on the lesser offense of misprision of a felony.[7]

---

[7]Misprision of a felony criminalizes a person's failure to report knowledge of a felony to the appropriate civil or military authorities. 18 U.S.C. § 4.

*Id*. In response, we laid out three "conditions necessary to the entry of such a judgment." *Id.* at 554. One condition was "the jury must have been expressly instructed that it could find the defendant guilty of the lesser-included offense and must have been properly instructed on the elements of that offense." *Id.*

But *Vazquez-Chan* does not control this case. *Vazquez-Chan* arose on *direct* appeal, not on an appeal from a habeas petition. *Id.* at 549. We reviewed *Vazquez-Chan* in the exercise of this court's supervisory power over district courts' procedures. 978 F.2d 546, *see* 28 U.S.C. § 1291. Because *Vazquez-Chan* did not arise on an appeal from a denial of a writ of habeas corpus, we had no occasion to consider whether a conditional writ should issue. Moreover, the claim of possible violation of the Double Jeopardy Clause never arose in *Vasquez-Chan*. Indeed, the Double Jeopardy Clause was not raised as a ground of appeal, nor was the Double Jeopardy Clause mentioned in the opinion. *Vasquez-Chan* thus spoke only to the question of whether and in what circumstances—as a matter of federal procedural law—a circuit court can modify a conviction from a greater offense to a lesser included offense. Hence, *Vasquez-Chan* does not prevent the California state court from entering a conviction for Douglas under § 451(c) under a conditional writ of habeas corpus.[8]

---

[8]The dissent contends that the "procedural distinction" between this case and *Vasquez-Chan* is "irrelevant," because the "pertinent holding in *Vasquez-Chan* rests on federal constitutional grounds." This conclusion is inaccurate. As noted, *Vasquez-Chan* did not mention the Double Jeopardy clause even once, and we reject the dissent's conclusion that *Vasquez-Chan* "implicitly" imputed the Double Jeopardy Clause because it cited two cases (in a footnote) which involved double jeopardy. But even *if Vasquez-Chan* implicitly imported a double jeopardy analysis, the two cases cited in *Vasquez-Chan* (and in the dissent) are distinguishable from this one. The first case cited in *Vasquez-Chan* is *Gooday*, which we have already distinguished. *Supra* at pp. 18834-36. The rule in *Gooday* is that an *acquittal* on a greater charge bars subsequent indictment on a lesser-included offense. *Gooday*, 714 F.2d at 82. The second case, *Forsberg v.*

**[7]** The district court's order is **VACATED.** We **REMAND** Douglas's habeas petition to the district court, and instruct the district court to issue a conditional writ of habeas corpus if the state court does not re-sentence Douglas within 90 days. The California state court may, in its discretion, enter a conviction for Douglas under § 451(c).

**VACATED** and **REMANDED.**

---

GRABER, Circuit Judge, dissenting:

I respectfully dissent. In my view, granting only a conditional writ of habeas corpus so that the state court may alter Defendant's conviction to reflect a lesser-included offense—when the jury was never instructed on that charge—violates Defendant's rights under the Double Jeopardy Clause. Because there was insufficient evidence to support Defendant's conviction on the greater offense, in the circumstances the proper remedy is an unconditional writ of habeas corpus.

Like other circuits, we have held that we may "direct a lower court to enter a judgment of conviction on a lesser offense after finding a jury's verdict insufficient to support its guilty verdict on a greater offense." *United States v. Vasquez-Chan*, 978 F.2d 546, 553-54 (9th Cir. 1992), *overruled on other grounds by United States v. Nevils*, 598 F.3d 1158 (9th Cir. 2010) (en banc). In *Vasquez-Chan*, however, we cabined that general principle. One of "the conditions necessary to the entry of such a judgment" is that "the jury must have been

---

*United States*, 351 F.2d 242, 247-48 (9th Cir. 1965), surveys cases which held that a conviction on a *lesser-included* charge implies an acquittal on the greater charge. Neither *Gooday* nor *Forsberg* implicates the issue here: whether a court may enter a conviction on a lesser charge when the jury necessarily found the defendant guilty of the lesser charge on its way to finding him guilty of the greater charge.

explicitly instructed that it could find the defendant guilty of
the lesser-included offense." *Id.* at 554. We explained that,
"[i]f no such lesser-included offense instruction is given, the
acquittal (whether at trial or on appeal) on the greater offense
precludes a conviction on a lesser offense." *Id.* at 554 n.5. In
so holding, we relied on two double jeopardy cases: *United
States v. Gooday*, 714 F.2d 80, 81-83 (9th Cir. 1983); and
*Forsberg v. United States*, 351 F.2d 242, 247-48 (9th Cir. 1965).[1]
Thus, although we did not describe the theoretical source of
our holding, by relying on double jeopardy cases *Vasquez-
Chan* implicitly held that modifying a conviction when the
jury was not separately instructed on the lesser-included
offense violates the Double Jeopardy Clause. That is precisely
the situation here, and *Vasquez-Chan* controls.

The majority maintains that *Vasquez-Chan* is distinguish-
able because it came to us on direct appeal, rather than as a
habeas petition. But, because the pertinent holding in
*Vasquez-Chan* rests on federal constitutional grounds, that
procedural distinction is irrelevant.

Even assuming that *Vasquez-Chan* does not govern, the
Double Jeopardy Clause, of its own force, precludes modify-
ing the judgment unless the jury received an instruction that
it could convict on the lesser-included offense. Such a rule
promotes the principle that a defendant cannot be subject to
successive prosecutions for the same conduct. It is axiomatic
that the government enjoys prosecutorial discretion to charge
the defendant with the greater or the lesser offense. *See, e.g.*,
*United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("In the
ordinary case, so long as the prosecutor has probable cause to

---

[1]The majority contends that *Gooday* and *Forsberg* are distinguishable
from this case. I agree. But I do not rely on those cases directly. Rather,
I look to *Vasquez-Chan*, which requires a separate jury instruction in the
circumstances presented by this case. I mention *Vasquez-Chan*'s citation
to *Gooday* and *Forsberg* only to establish that double jeopardy concerns
animated our holding in *Vasquez-Chan*.

believe that the accused committed an offense defined by stat-ute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (internal quotation marks omitted)). When the prosecution decides to pursue a conviction on the greater offense and stands idly by while the jury receives no instruc-tion on the lesser-included offense, the prosecution has staked its all on the greater. If the prosecution then presents insuffi-cient evidence to convict on the greater offense, it cannot receive another "bite at the apple" through a modification of the judgment.

Similarly, defense counsel might prefer to pursue the strate-gic position that a client is guilty of the greater crime or noth-ing, thereby taking the chance of conviction, acquittal, or a hung jury on the higher offense, in preference to a compro-mise verdict on the lesser offense. *See* 5 B.E. Witkin et al., *California Criminal Law* § 611 (3d ed. 2000) (noting such defense strategy and the California courts' duty, under certain circumstances, to instruct sua sponte on the lesser-included charge). If a defendant takes such a gamble and wins, either at trial or on appeal, subjecting the defendant to punishment on the lesser-included offense violates principles of double jeopardy.

Here, Defendant was exposed to punishment for the greater offense alone. He now has been acquitted. *See Burks v. United States*, 437 U.S. 1, 11 (1978) (holding that a reviewing court's finding of insufficient evidence acts as an acquittal). Allowing the state court to revise the judgment by entering a conviction on the lesser-included offense—when the jury was never given an opportunity to convict on that charge—effectively exposes the Defendant a second time to the threat of punishment for the same conduct. Accordingly, I would vacate the district court's decision and remand with instruc-tions to issue an unconditional writ of habeas corpus.