GRABER, Circuit Judge,
dissenting:
I respectfully dissent. In my view, granting only a conditional writ of habeas corpus so that the state court may alter Defendant’s conviction to reflect a lesser-included offense — when the jury was never instructed on that charge — violates Defendant’s rights under the Double Jeopardy Clause. Because there was insufficient evidence to support Defendant’s conviction on the greater offense, in the circumstances the proper remedy is an unconditional writ of habeas corpus.
Like other circuits, we have held that we may “direct a lower court to enter a judgment of conviction on a lesser offense after finding a jury’s verdict insufficient to support its guilty verdict on a greater offense.” United States v. Vasquez-Chan, 978 F.2d 546, 553-54 (9th Cir.1992), overruled on other grounds by United States v. Nevils, 598 F.3d 1158 (9th Cir.2010) (en banc). In Vasquez-Chan, however, we cabined that general principle. One of “the conditions necessary to the entry of such a judgment” is that “the jury must have been explicitly instructed that it could find the defendant guilty of the lesser-included offense.” Id. at 554. We explained that, “[i]f no such lesser-included offense instruction is given, the acquittal (whether at trial or on appeal) on the greater offense precludes a conviction on a lesser offense.” Id. at 554 n. 5. In so holding, we relied on two double jeopardy cases: United States v. Gooday, 714 F.2d 80, 81-83 (9th Cir.1983); and Forsberg v. *508 United States, 351 F.2d 242, 247-48 (9th Cir.1965).[1] Thus, although we did not describe the theoretical source of our holding, by relying on double jeopardy cases Vasquez-Chan implicitly held that modifying a conviction when the jury was not separately instructed on the lesser-included offense violates the Double Jeopardy Clause. That is precisely the situation here, and Vasquez-Chan controls.
The majority maintains that Vasquez-Chan is distinguishable because it came to us on direct appeal, rather than as a habeas petition. But, because the pertinent holding in Vasquez-Chan rests on federal constitutional grounds, that procedural distinction is irrelevant.
Even assuming that Vasquez-Chan does not govern, the Double Jeopardy Clause, of its own force, precludes modifying the judgment unless the jury received an instruction that it could convict on the lesser-included offense. Such a rule promotes the principle that a defendant cannot be subject to successive prosecutions for the same conduct. It is axiomatic that the government enjoys prosecutorial discretion to charge the defendant with the greater or the lesser offense. See, e.g., United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (“In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.” (internal quotation marks omitted)). When the prosecution decides to pursue a conviction on the greater offense and stands idly by while the jury receives no instruction on the lesser-included offense, the prosecution has staked its all on the greater. If the prosecution then presents insufficient evidence to convict on the greater offense, it cannot receive another “bite at the apple” through a modification of the judgment.
Similarly, defense counsel might prefer to pursue the strategic position that a client is guilty of the greater crime or nothing, thereby taking the chance of conviction, acquittal, or a hung jury on the higher offense, in preference to a compromise verdict on the lesser offense. See 5 B.E. Witkin et al., California Criminal Law § 611 (3d ed. 2000) (noting such defense strategy and the California courts’ duty, under certain circumstances, to instruct sua sponte on the lesser-included charge). If a defendant takes such a gamble and wins, either at trial or on appeal, subjecting the defendant to punishment on the lesser-included offense violates principles of double jeopardy.
Here, Defendant was exposed to punishment for the greater offense alone. He now has been acquitted. See Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (holding that a reviewing court’s finding of insufficient evidence acts as an acquittal). Allowing the state court to revise the judgment by entering a conviction on the lesser-included offense — when the jury was never given an opportunity to convict on that charge— effectively exposes the Defendant a second time to the threat of punishment for the same conduct. Accordingly, I would vacate the district court’s decision and re *509 mand with instructions to issue an unconditional writ of habeas corpus.

. The majority contends that Gooday and Forsberg are distinguishable from this case. I agree. But I do not rely on those cases directly. Rather, I look to Vasquez-Chan, which requires a separate jury instruction in fríe circumstances presented by this case. I mention Vasquez-Chan’s citation to Gooday and Forsberg only to establish that double jeopardy concerns animated our holding in Vasquez-Chan.