NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER DEEDY, | No. 20-15816 |
| Petitioner-Appellant, | D.C. No. 1:18-cv-00094-DKW-RLP |
| v. | |
| NOLAN P. ESPINDA, Warden, Director, Department of Public Safety, State of Hawaii; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

On Appeal from the United States District Court
for the District of Hawai'i
Derrick K. Watson, District Judge, Presiding

Submitted July 8, 2021**
Honolulu, Hawai'i

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Christopher Deedy filed a 28 U.S.C. § 2241 habeas petition seeking to

prevent the State of Hawai'i from retrying him on first- and second-degree assault

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

charges after a jury acquitted him of murder and hung on murder's lesser included offenses. We previously held that the Double Jeopardy Clause does not bar retrial on the assault offenses but remanded to the district court with the instruction that it "may consider" Deedy's argument that "the State abandoned its opportunity to retry the assaults." *Deedy v. Suzuki*, 788 F. App'x 549, 551 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 133 (2020). The district court considered and rejected this argument but granted a certificate of appealability on the question of "[w]hether the Ninth Circuit recognizes a claim of abandonment under the Double Jeopardy Clause and, if so, whether Deedy has shown that the State abandoned the assault charges against him." *Deedy v. Connors*, No. 18-cv-00094, 2020 WL 1815219, at *3 (D. Haw. Apr. 9, 2020).

We review the district court's denial of a § 2241 petition for a writ of habeas corpus de novo, *Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009), and affirm.

Unless it is the result of prosecutorial misconduct intended to goad the defendant into moving for a mistrial, *Oregon v. Kennedy*, 456 U.S. 667, 673–79 (1982), "a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected," *Richardson v. United States*, 468 U.S. 317, 326 (1984); *see also United States v. Gooday*, 714 F.2d 80, 83 (9th Cir. 1983). Deedy does not allege any misconduct or goading here.

We need not decide whether prosecutorial abandonment is also a jeopardy-

terminating event, because the State did not abandon any charges here.  Once the trial court instructed the jury on the assault charges over the State's objection, the State reasonably explained to the jury why it believed murder was the appropriate conviction.  Further, because murder and its included offenses have different *mens rea* requirements, the State also explained why the facts supported finding that Deedy had a "knowing and intentional" *mens rea* and not merely a "reckless" *mens rea*.  None of the State's actions evince abandonment.  Thus, because the jury hung and the court declared that Deedy could be retried on the hung charges, *Richardson* resolves the question: Deedy may be retried on the charges upon which the jury hung.

    **AFFIRMED.**