537 P.2d 22

**The STATE of Arizona, Appellee,**

**v.**

**Peter Thomas BOLLANDER, Appellant.**

**No. 3003.**

Supreme Court of Arizona,
In Banc.

June 20, 1975.

Rehearing Denied Sept. 16, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Shirley Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

CAMERON, Chief Justice.

This is an appeal from a judgment of guilt and suspension of sentence, with five years probation, for the unlawful sale of a narcotic drug, hashish, in violation of A.R.S. § 36–1002.02.

We are to determine:

1. whether the retrial of the appellant violated the constitutional guarantee against double jeopardy, and

2. whether, if the State could retry the appellant, the elapsed time between the commission of the offense and the second indictment violated the constitutional right to a speedy trial.

Appellant was indicted on 6 April 1972 for violating A.R.S. § 36–1002.07 for the unlawful sale of marijuana on 12 January 1972. He was tried, convicted and sentenced to five to six years in the Arizona State Prison. An appeal was taken and we reversed stating:

"* * * while sale of marijuana is punishable under § 36–1002.07 A.R.S., all

other cannabis derivatives, including hashish, are punishable under § 36–1002.02 A.R.S. In short, we do not believe that the legislature intended that a person who sells hashish could be prosecuted and punished for the sale of marijuana, and we hold that where a defendant is specifically charged with the unlawful sale of marijuana, it is not sufficient to show that the substance sold was hashish. * * *." State v. Bollander, 110 Ariz. 84, 87, 515 P.2d 329, 332 (1973).

On 28 November 1973 Bollander was ordered released from custody and the original indictment was dismissed. On 8 February 1974 the Grand Jury of Pima County issued a new indictment charging appellant with the unlawful sale of hashish on 12 January 1972 in violation of A.R.S. § 36–1002.02. On 8 April 1974, prior to his second trial, Bollander filed a motion to dismiss the indictment alleging that it violated the guarantees against double jeopardy and of a speedy trial. After a hearing the motion was denied. At trial appellant was found guilty as charged and on 28 May 1974 sentence was suspended and he was placed on five years probation. From his conviction he appeals.

### DOUBLE JEOPARDY

The United States Constitution's guarantee against double jeopardy is found in the Fifth Amendment to the United States Constitution and is applied to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Art. 2, § 10 of the Constitution of the State of Arizona provides a similar right. 1 A.R.S.

■ There are four basic situations where the guarantee against double jeopardy applies: (1) where an individual is tried and convicted of a crime and it is sought to prosecute him again for the same or an included offense; (2) where a person has been convicted and sentenced and an attempt is then made to increase the sentence; (3) where a person has been acquitted after a trial on the merits and an endeavor is made to prosecute him again for the same or an included offense, North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); and (4) where an individual has been put in jeopardy by being placed on trial but after trial commenced a mistrial was ordered by the court and an endeavor is made to try the accused again, Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

We have stated:

" * * * The rule seems to be firmly established that in order for a former conviction or acquittal to be a bar to a subsequent prosecution, the two offenses must be the same both in law and in fact." State v. Wilson, 85 Ariz. 213, 215, 335 P.2d 613, 614 (1959).

■ We conclude that this case shows no violation of the double jeopardy provisions of the Constitution of the State of Arizona or the United States Constitution. Reduced to basic facts, there are two separate acts, the sale of marijuana and the sale of hashish. Appellant was tried under A.R.S. § 36–1002.02 and convicted. He appealed contending that he could not be tried for sale of marijuana when in fact he sold hashish. We agreed and reversed his conviction. He was then tried for sale of hashish under A.R.S. § 36–1002.07. The second trial was not the "same offense" in law and in fact, nor one a lesser included offense of the other. As the United States Supreme Court has stated:

"That clause, designed to prohibit double jeopardy as well as double punishment, is not properly invoked to bar a second prosecution unless the 'same offense' is involved in both the first and second trials." United States v. Ewell, 383 U.S. 116, 124, 86 S.Ct. 773, 778, 15 L.Ed.2d 627, 633 (1966).

There is another reason, however, why the double jeopardy provisions do not apply in the instant case. The defendant appealed his first conviction because of trial error. We agreed and reversed the conviction. Double jeopardy does not necessarily prevent retrial of a criminal matter that has been reversed on appeal:

"We find no merit in defendant's claim of double jeopardy. It is well established that the State is not precluded—by the double-jeopardy rule—from re-trying a defendant who causes his conviction to be set aside, on appeal, because of error in the proceedings leading to such conviction. (citations omitted)." State v. Downey, 104 Ariz. 375, 377, 453 P.2d 521, 523 (1969).

We find no error.

### SPEEDY TRIAL

Appellant also urges that the time which elapsed between the date of the criminal act of which he is accused, 12 January 1972 and the date of his second indictment 8 February 1974, a period of two years, violated his constitutional right to a speedy trial under the Sixth Amendment of the United States Constitution as made to apply to the states by virtue of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (1967).

We have stated that the right to speedy trial commences at the time of the arrest, information, or indictment whichever comes first. State v. Brannin, 109 Ariz. 525, 514 P.2d 446 (1973). See also United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Appellant claims, however, that it was prejudicial to his cause that he was unable to locate two witnesses, identified only as "Julie and Gail," whom he needed for his second trial. He asserts that the passage of time was responsible for his not being able to find these witnesses. Yet those witnesses were not called and did not appear at Bollander's first trial and it is only conjecture as to what, had they appeared, they might have testified to, and how their testimony might have been received by the jury. We find no prejudice as a result of the delay.

Judgment affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.