**William J. GRAY, Appellant,**

v.

**Honorable Daniel J. GOODENOUGH, Judge, Kenton Circuit Court, Appellee.**

No. 88–SC–000098–MR.

Supreme Court of Kentucky.

May 19, 1988.

Margo L. Grubbs, Florence, for appellant.

Daniel J. Goodenough, Judge, Kenton Circuit Court, Covington, pro se.

VANCE, Justice.

William J. Gray appeals to this court from an order of the Court of Appeals which denied a writ of prohibition to prevent his retrial on a criminal charge. His previous trial ended in a mistrial because of the inability of the jury to reach a verdict. Appellant contends that the trial judge abused his discretion in declaring the mistrial and that a retrial will subject him to double jeopardy.

At the conclusion of a three-and-one-half day trial, the case was submitted to the jury at 2:00 p.m. Although the trial was of some length, the issues were not complex. After three hours' deliberation, the jury was called back into the courtroom. The foreman, in response to questions by the trial judge, stated that the jury had not reached a verdict on any count of the indictment and that it was unlikely that it would be able to do so. The foreman revealed that the jury was divided in a 9—2—1 split. No juror expressed a contrary view.

The trial judge advised the jury of the importance of reaching a verdict, admonished them to listen to each other, and asked them to retire again to the jury room and give their best effort to reach a verdict.

After another hour of deliberation the jury was called again into the courtroom. Again the foreman stated that the jury had not reached a verdict. The following colloquy transpired:

"THE COURT: Does the jury feel that with a little more time they could reach a verdict. You have been out about four hours.

"FOREPERSON: I don't think we will come to a conclusion.

"THE COURT: Is that the concensus of the jury, that they are deadlocked?

"FOREPERSON: Yes."

No juror disagreed with the foreman's assessment. The jury remained split 9-2-1 as before. The trial judge then declared a mistrial. The declaration of a mistrial is a matter within the sound discretion of the trial judge. When a mistrial has been granted, a retrial does not expose a defendant to double jeopardy unless the trial judge abused his discretion by declaring a mistrial when there was no manifest necessity to do so.

In this case, the trial judge was in a much better position than are the members of an appellate court to determine whether or not a mistrial was appropriate. He heard the evidence; he could observe the demeanor of the jurors and judge the responses of the foreman. When, after four hours of deliberation, the foreman had twice stated that there was no likelihood the jury could reach a verdict, and when no juror expressed disagreement with that opinion, we agree with the Court of Appeals that the granting of a mistrial was not an abuse of the judge's discretion. The decision of the Court of Appeals is affirmed.

All concur.