901 P.2d 461

Carlos E. ANDRADE, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Alfred J. Rogers, a judge thereof, Respondent Judge,

STATE of Arizona, Real
Party in Interest.

No. 1 CA–SA 95–0176.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 15, 1995.

Richard M. Romley, Maricopa County Atty. by Glenn McCormick, Deputy County Atty., and Arthur Hazleton, Deputy County Atty., Phoenix, for real party in interest.

Antonio R. Zuñiga, Phoenix, for petitioner.

1. Petitioner relied on both the federal and state constitutions. We find no significant differences between the double jeopardy provisions in Article 2, section 10 of the Arizona Constitution and in the Fifth Amendment of the Constitution of the United States. *See Quinton v. Superior Court*, 168 Ariz. 545, 550, 815 P.2d 914, 919 (App. 1991), *cert. denied*, 503 U.S. 920, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992). We therefore use the same standard to analyze both provisions. *See id.*

OPINION

McGREGOR, Judge.

Petitioner Carlos E. Andrade brings this special action to challenge the trial court's denial of his motion to dismiss the charges against him. Petitioner asks us to rule that under double jeopardy principles [1], an acquittal on a greater offense bars retrial on all lesser included offenses, including those on which the trial court had instructed the jury but on which the trial court granted a mistrial because the jury was not able to reach a verdict. For the reasons that follow, we accept jurisdiction but deny relief.

## I.

The facts necessary to resolve this special action are few. In the original action, the state charged petitioner with three counts of aggravated assault involving three different victims. Petitioner pled not guilty and the matter proceeded to trial. In addition to instructing the jury on aggravated assault, the trial court instructed the jury on the lesser included offenses of attempted aggravated assault and disorderly conduct. Petitioner did not object to the instructions on the lesser included offenses.

Following deliberations, the jury reached a partial verdict. The jury acquitted petitioner of aggravated assault on all three counts. The jury also acquitted petitioner of attempted aggravated assault and disorderly conduct on the third count. The jury, however, deadlocked on the lesser included offenses in counts one and two. The trial court granted a mistrial as to those lesser included offenses.[2] Petitioner did not object to the mistrial.

2. Relying on Rule 26.2, Arizona Rules of Criminal Procedure, petitioner presents a separate argument in which he asks us to direct the trial court to enter a judgment of acquittal on all aggravated assault charges and on the attempted aggravated assault and disorderly conduct charges under count three. The state concedes that jeopardy has terminated as to those charges and that the state may not retry petitioner on those charges. Moreover, the state has not alleged those charges in the subsequent prosecution. Although the trial court should enter a

The state then initiated proceedings on the lesser included offenses in counts one and two. Petitioner filed a motion to dismiss, arguing that double jeopardy principles barred retrial on the lesser included offenses. The trial court denied the motion, and petitioner filed this special action.

## II.

We accept jurisdiction because this special action involves an issue of pure law that is of first impression for Arizona courts and of statewide importance. Moreover, this issue likely will arise again. Although denial of a motion to dismiss generally does not present a question appropriate for special action review, "where an issue is one of first impression of a purely legal question, is of statewide importance, and is likely to arise again, special action jurisdiction may be warranted." *Vo v. Superior Court*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992). Because no controlling precedent in Arizona addresses this issue, we issue this published opinion to provide guidance to Arizona trial courts. *See* Rule 1(a), Arizona Rules of Procedure for Special Actions.

The United States Constitution and the Arizona Constitution provide that the state may not put a criminal defendant in jeopardy twice for the same offense. *See* U.S. Const. amend. V; Ariz. Const. art. II, § 10. Once jeopardy attaches, jeopardy terminates when a defendant is acquitted. *See State v. Bollander*, 112 Ariz. 35, 37, 537 P.2d 22, 24 (1975). Once jeopardy terminates, the prohibition against double jeopardy protects a criminal defendant from subsequent prosecution on the same charges. *See State v. Knapp*, 114 Ariz. 531, 537, 562 P.2d 704, 710 (1977), *cert. denied*, 435 U.S. 908, 98 S.Ct.

1458, 55 L.Ed.2d 500 (1978). Double jeopardy further shields the defendant from subsequent prosecutions for lesser included offenses if the jury has not been instructed on the lesser included offenses. *Bollander*, 112 Ariz. at 37, 537 P.2d at 24. Jeopardy does not terminate when the trial court grants a mistrial because the jury is unable to reach a verdict; double jeopardy therefore does not bar retrial on those charges on which the jury could not reach a verdict. *See State v. Riggins*, 111 Ariz. 281, 283, 528 P.2d 625, 627 (1974).

Here, we face a factual situation not directly addressed in the above body of law: the jury reached a partial verdict, acquitting appellant of the greater crimes but not agreeing on a verdict on lesser included crimes. The acquittal of the greater charges unquestionably bars retrial on those charges. *See Bollander*, 112 Ariz. at 37, 537 P.2d at 24. Petitioner argues that this acquittal similarly should bar retrial on the lesser included offenses on which the jury could not agree.

We are aware of no jurisdiction that has adopted petitioner's proposed approach. Moreover, during oral argument, petitioner's counsel conceded that he also knew of no authority that followed his proposed approach. However, we found strong authority for the result contrary to that proposed by petitioner. *See, e.g., United States v. Gooday*, 714 F.2d 80, 82–83 (9th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984). Because we find the reasoning in *Gooday* and other cases[3] persuasive, we reject petitioner's arguments.

The facts in this case are analogous to those in *Gooday*. In *Gooday*, the defendant was indicted for first-degree murder. At the defendant's request, the trial court instructed

judgment acquitting petitioner of those charges, we see no benefit in ordering the trial court to do so in this special action.

**3.** *See, e.g., Edmonds v. United States*, 273 F.2d 108, 113–14 (D.C.Cir.1959), *cert. denied*, 362 U.S. 977, 80 S.Ct. 1062, 4 L.Ed.2d 1012 (1960); *United States v. Payne*, 832 F.Supp. 594, 596 (E.D.N.Y.1993); *Staael v. Alaska*, 697 P.2d 1050, 1055 n. 2 (Alaska Ct.App.1985), *aff'd*, 718 P.2d 948 (Alaska 1986); *Stone v. Superior Court*, 31 Cal.3d 503, 183 Cal.Rptr. 647, 658–60, 646 P.2d 809, 820–22 (1982); *Idaho v. Seamons*, 126 Idaho 809, 812, 892 P.2d 484, 487 (1995); *Illinois v. Krogul*, 115 Ill.App.3d 734, 70 Ill.Dec. 807, 809–810, 450 N.E.2d 20, 22–23 (1983), *cert. denied*, 465 U.S. 1007, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984); *Michigan v. Garcia*, 448 Mich. 442, 531 N.W.2d 683, 690 (1995); *Nebraska v. Halsey*, 232 Neb. 658, 441 N.W.2d 877, 881 (1989); *Rhode Island v. Grabowski*, 644 A.2d 1282, 1286 (R.I. 1994); *Tennessee v. Seagroves*, 691 S.W.2d 537, 540–41 (Tenn.1985); *Washington v. Russell*, 101 Wash.2d 349, 678 P.2d 332, 335 (1984).

the jury on three lesser included offenses that were not specified in the indictment. The jury acquitted the defendant of first-degree murder but was not able to reach a verdict on the lesser included offenses. The trial court therefore ordered a mistrial. The government then sought to retry the defendant on the lesser included offenses. The defendant appealed and the court held that when the jury has been instructed on lesser included offenses, "such lesser included offenses should be treated as if they had been specified in separate counts of the indictment.... [A]cquittal on the indictment's first-degree murder count does not preclude retrial on the three lesser included offenses on which the jury was instructed." *Id.* at 83.

■ We hold that in this case, as in *Gooday,* the acquittals on the aggravated assault charges and mistrial on the lesser included offenses of attempted aggravated assault and disorderly conduct do not bar retrial on the lesser included offenses because jeopardy has not terminated as to those charges.[4]

■ In determining whether double jeopardy shields a defendant from retrial, we recognize that the court must consider the particular facts of a case. *Riggins,* 111 Ariz. at 283, 528 P.2d at 627. With our ruling today, we do not preclude a criminal defendant from challenging a retrial based on a theory of collateral estoppel. *See State v. Luzanilla,* 176 Ariz. 397, 401–03, 861 P.2d 682, 686–88 (App.1993), *aff'd in part, vacated in part,* 179 Ariz. 391, 393, 880 P.2d 611, 613 (1994) (approving of disposition of double jeopardy/collateral estoppel issue in opinion from court of appeals), *cert. denied,* — U.S. ——, 115 S.Ct. 1406, 131 L.Ed.2d 293 (1995). We hold only that an acquittal involving a greater offense does not alone bar retrial of lesser included offenses on which the jury

has been instructed but was unable to reach a verdict.

### III.

For the foregoing reasons, we accept review and deny relief.

TOCI, P.J., and GRANT, J., concur.

---

4. During oral argument, petitioner suggested that because the lesser included offenses were not expressly listed in the indictment, Arizona Revised Statutes Annotated section 13–111 (1989) barred retrial. An indictment for a crime, however, necessarily is treated as an indictment of all lesser included offenses. *See* Rule 13.2.c, Arizona Rules of Criminal Procedure ("Specification of an offense in an indictment or information shall constitute a charge of that offense and of all offenses necessarily included therein."). Petitioner also suggested that the crimes were not lesser included offenses. Petitioner did not object to the instructions on the lesser included offenses at trial and therefore has waived any argument that based on the facts of this case, attempted aggravated assault and disorderly conduct were not lesser included offenses of aggravated assault.