**COMMONWEALTH of Kentucky, Appellant,**

v.

**David A. RAY, Appellee.**

**No. 1997–CA–001979–MR.**

Court of Appeals of Kentucky.

Nov. 25, 1998.

A.B. Chandler, III, Attorney General Frankfort, KY, Carol H. Cobb, Spec. Asst. Attorney General, Louisville, KY, for Appellant.

No Brief filed, for Appellee.

Before ABRAMSON,[1] BUCKINGHAM and COMBS, Judges.

## OPINION

BUCKINGHAM, Judge.

The Commonwealth of Kentucky appeals from an order of the Jefferson Circuit Court granting David A. Ray's motion to dismiss a criminal indictment against him on the ground of double jeopardy. After a careful review of the record and the applicable law, we reverse and remand.

In November 1994, a grand jury indicted Ray and Darryl Robbins on one felony count of first-degree assault in violation of Kentucky Revised Statute (KRS) 508.010 and KRS 502.020. The indictment charged Ray and Robbins with intentionally or wantonly shooting Arthur Stevenson, Jr., while acting alone or in complicity with each other. Ray testified at trial that he shot Stevenson in self-defense, but his testimony and claim of self-defense were disputed by the Commonwealth.

The trial court instructed the jury to find Ray not guilty or to find him guilty of first-degree assault, second-degree assault (wanton belief in self-protection), fourth-degree assault (reckless belief in self-protection), second-degree assault (wanton), or assault under extreme emotional disturbance. While the jury was deliberating, it sent a note to the trial judge stating "[w]e cannot reach a verdict on David Ray, signed Thomas B. Butler, 6–13–97." The jury was then called into the courtroom, and the foreman stated that the jury was hopelessly deadlocked on a final verdict as to Ray but that it had reached a verdict acquitting Robbins. Since the jury was unable to reach a verdict in his case, the court declared a mistrial as to Ray and the jury was released.

The court then reviewed the verdict forms and noticed that the jury had signed and dated the verdict form on the charge of first-

degree assault and had found Ray not guilty of that offense. The verdict forms on the remaining offenses were left blank. The court then had the jurors brought back into the courtroom and polled regarding the unanimity of their verdict on the charge of first-degree assault. The polling revealed that the not-guilty verdict on the first-degree assault charge instruction was unanimous. The court again declared a mistrial, and the jury was released.

Ray's counsel subsequently filed a motion to dismiss the indictment on the ground of double jeopardy under the Fifth Amendment of the U.S. Constitution and § 13 of the Kentucky Constitution. Ray argued that the return of the not-guilty verdict on the first-degree assault charge constituted an absolute acquittal and barred further prosecution. The Commonwealth filed a response arguing that the jury's verdict of acquittal on the first-degree assault charge did not bar retrial on the remaining lesser included offenses submitted to the jury. Agreeing with Ray that further prosecution was barred by double jeopardy, the trial court entered an order dismissing the indictment. This appeal by the Commonwealth followed.

 The Fifth Amendment to the U.S. Constitution provides in relevant part that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" Section 13 of the Kentucky Constitution likewise provides that "[n]o person shall, for the same offense, be twice put in jeopardy of his life or limb . . . ." These two provisions "are identical in the import of their prohibition against double jeopardy." *Jordan v. Commonwealth,* Ky., 703 S.W.2d 870, 872 (1985). These constitutional provisions "protect a criminal defendant from three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction,; and (3) multiple punishments for the same offense." *Hourigan v. Commonwealth,* Ky., 962 S.W.2d 860, 862 (1998), *citing United*

*States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

 Jeopardy attaches when a jury is impaneled and sworn. *Lear v. Commonwealth,* Ky., 884 S.W.2d 657, 661 (1994), *citing Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). Once jeopardy attaches, prosecution of a defendant before a jury other than the original jury or contemporaneously-impaneled alternates is barred unless 1) there is a "manifest necessity" for a mistrial or 2) the defendant either requests or consents to a mistrial. KRS 505.030(4); *Leibson v. Taylor,* Ky., 721 S.W.2d 690, 693 (1986); *United States v. Dinitz,* 424 U.S. 600, 606–07, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976). A well-established situation of "manifest necessity" involves a hung jury or a jury unable to reach a verdict. *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *Gray v. Goodenough,* Ky., 750 S.W.2d 428, 429 (1988). Thus, the principle of double jeopardy does not bar a subsequent retrial where the jury has failed to reach a verdict in the initial trial.

 In the case sub judice, the jury rendered a partial verdict unanimously finding Ray not guilty of first-degree assault but reached no verdict on the remaining lesser included offenses. A partial verdict where the jury finds guilt or innocence on one or more charges but is unable to reach a verdict on the remaining charges does not bar a retrial on the charges for which no verdict was rendered. *See Richardson, supra.*[2] The issue in the case sub judice, however, is whether double jeopardy prohibits a retrial on the offenses of second-degree assault, fourth-degree assault, or assault under extreme emotional disturbance merely because they are lesser included offenses of the first-degree assault offense on which the jury acquitted Ray. Uncharged lesser offenses are necessarily included in a charged offense "if the lesser offense involves fewer of the same constituent elements than the charged greater offense so that the proof necessary to

**2.** Richardson was tried on two counts of distributing a controlled substance and one count of conspiracy to distribute a controlled substance. The jury acquitted Richardson of one charge but was unable to reach a verdict on the two remaining charges. The U.S. Supreme Court held that a retrial on the two remaining charges following the partial verdict was not barred by double jeopardy. 468 U.S. at 323 and 325–26, 104 S.Ct. at 3085–86.

establish the greater offense will of necessity establish every element of the lesser offense." *Cheser v. Commonwealth*, Ky.App., 904 S.W.2d 239, 244 (1994). *See also* KRS 505.020(2)(a).

Ray's argument to the trial court was that the verdict acquitting him on the charge of first-degree assault had the effect of acquitting him on the lesser included offenses. The "implied acquittal" component of double jeopardy was introduced in the seminal case of *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Green was indicted for arson and first-degree murder. The trial court instructed the jury that it could find him guilty of either first-degree murder or second-degree murder under the original murder count. The jury convicted Green of arson and second-degree murder and left the verdict form on first-degree murder blank. The murder conviction was reversed on appeal, and Green was convicted of first-degree murder on retrial.

The Supreme Court held that double jeopardy barred the retrial on the first-degree murder charge because the conviction on the lesser second-degree murder charge represented an implied acquittal of the first-degree murder charge. The jury's guilty verdict on the second-degree murder charge necessarily implied acquittal on the first-degree murder charge. *See United States v. Ham*, 58 F.3d 78, 85 (4th Cir.1995), *cert. denied*, 516 U.S. 986, 116 S.Ct. 513, 133 L.Ed.2d 422 (1995) ("[a] jury's failure to decide an issue will be treated as an implied acquittal only where the jury's verdict necessarily resolves an issue in the defendant's favor.").

Arguments similar to Ray's argument that the jury's acquittal on the greater offense and its failure to reach a verdict on the lesser offenses constitutes an implied acquittal of all charges have been rejected by several courts. In the case of *United States v. Gooday*, 714 F.2d 80 (9th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984), the defendant was indicted for first-degree murder. The trial court instructed the jury on the lesser included offenses of second-degree murder, voluntary manslaughter, and involuntary manslaughter.

The jury acquitted Gooday of first-degree murder but could not reach a verdict on the remaining lesser offenses. The court rejected Gooday's argument that because he had been acquitted on the only offense explicitly stated in the indictment, he could not be retried on the lesser offenses. The court held that double jeopardy did not bar retrial on the lesser offenses because the mistrial on those offenses was due to a deadlocked jury and the lesser offenses should be treated as if they had been specified in separate counts of the indictment. *Id.* at 83. The *Gooday* court distinguished *Green* by noting that the Supreme Court merely prohibited retrial on the greater offense of first-degree murder after the jury rendered a verdict on the lesser offense and did not deal with retrial on a lesser offense. *Id.* at 82. Courts in other jurisdictions have adopted the reasoning in *Gooday*. *See Tennessee v. Seagroves*, 691 S.W.2d 537 (Tenn.1985); *State v. Grabowski*, 644 A.2d 1282 (R.I.1994); and *Andrade v. Superior Court*, 183 Ariz. 113, 901 P.2d 461 (Ariz.App.1995).

In the case sub judice, the jury clearly acquitted Ray of the offense for which he was indicted but was unable to reach a verdict on the remaining lesser included offenses. The issue of double jeopardy in this situation is a matter of first impression in Kentucky, and we are persuaded by *Gooday* and cases from other jurisdictions which hold that an acquittal on a greater offense does not bar a retrial on lesser included offenses for which the jury was unable to reach a verdict. As the Kentucky Supreme Court stated in *McGinnis v. Wine*, Ky., 959 S.W.2d 437 (1998), "the concept of acquittal by implication climbs up the ladder, not down." *Id.* at 439.

The order of the Jefferson Circuit Court is reversed, and this case is remanded for a retrial on the lesser included offenses.

All concur.