William **POLK**, Appellant,

v.

Carl **GREER**, Appellee.

No. 2006–CA–000340–MR.

Court of Appeals of Kentucky.

April 27, 2007.

Lawrence H. Belanger, Ferreri & Fogle, Louisville, KY, for appellant.

Marc L. Breit, Scott E. Miller, Louisville, KY, for appellee.

Before ACREE, KELLER, and LAMBERT, Judges.

### OPINION

LAMBERT, Judge.

William Polk appeals from the trial court's order denying his motion for a new trial. For the reasons stated herein, we reverse.

### Background

This action is a traffic-collision case turning on which party had the right of way. As the right-of-way question itself turns on a disputed traffic control signal, the ultimate outcome of the case hinges on witness credibility. In the court below, William Polk testified the traffic light was in his favor and, therefore, that Carl Greer, the driver of the other car, was responsible for the collision. In contrast, both Greer and Greer's passenger testified to the opposite. At the conclusion of the proof, the jury found against Polk and in favor of Greer.

### Issue and Legal Standards

Near the conclusion of his opening statement, Greer's counsel told the jury that Polk was a "two time convicted persistent felon." At the conclusion of Greer's opening statement, Polk's counsel objected to

the statement and moved for a mistrial. The trial court reserved its ruling on the motion, ultimately instructing Polk to renew his objection in a post-trial motion for a new trial. After the trial court denied Polk's motion for a new trial, Polk brought this appeal.

■■■ The purpose of opening statements is to allow each party to summarize for the jury what its likely proof will be during the trial. And while the parties are given reasonable latitude during opening statements, their statement should not contain references to plainly inadmissible matters or to anything that may tend to unduly prejudice the opposing party. *See Mills v. Commonwealth,* 310 Ky. 240, 243, 220 S.W.2d 376, 378 (Ky.1949). Under Kentucky Rules of Evidence (KRE) 609, a party may impeach the credibility of an opposing party on cross-examination by inquiring whether he is a convicted felon. If the examined party answers affirmatively, the impeaching party may not inquire further about the matter or introduce extrinsic evidence regarding the nature of the conviction or convictions. *See Blair v. Commonwealth,* 144 S.W.3d 801, 808 (Ky. 2004). Finally, a trial court should grant a mistrial only for manifest necessity. *See, e.g., Gray v. Goodenough,* 750 S.W.2d 428, 429 (Ky.1988). We review a trial court's decision regarding a request for a mistrial for abuse of discretion. *Id.*

## Analysis

### I.  Preservation

■■■ Greer contends that Polk's objection to his opening statement, specifically the statement that Polk is a "two time convicted persistent felon," was untimely because Polk's counsel waited some 45 seconds for Greer's counsel to complete the remainder of his opening statement before raising his objection with the trial judge. We find, however, that an objection voiced less than one minute after the claimed error and before any other material phase of the trial had begun meets the "contemporaneous objection" requirement of CR 46. Indeed, the purpose of the contemporaneous-objection rule is to afford the trial court an opportunity to prevent or cure any error in a timely fashion. *See Olden v. Commonwealth,* 203 S.W.3d 672, 675 (Ky.2006) (purpose of criminal analog of contemporaneous-objection rule). And here, because Polk voiced his objection a mere 45 seconds after the error occurred and before the trial had actually moved on past its opening-statement phase, Polk's delay in no way impinged upon the trial court's opportunity to attempt curative measures. Consequently, we reject Greer's contention that Polk's mistrial claim is not preserved for our review.

### II.  Impeaching Credibility

■■■ We and the parties all agree that this case turns on the relative credibility of the three eye-witnesses to the disputed vehicular collision. And here, because Polk acknowledged through counsel in *voir dire* that he had previously been convicted of a felony, under KRE 609(a), Greer was entitled to personally ask Polk on cross-examination whether he was a convicted felon. But Greer could not legitimately inquire about, or offer extrinsic evidence on, the nature of Polk's criminal record because Polk had already acknowledged the prior conviction in *voir dire. See Blair v. Commonwealth,* 144 S.W.3d 801, 808 (Ky.2004). Thus, when Greer's counsel indicated to the jury in his opening statement that the evidence would likely show that Polk is a "two time convicted persistent felon," Greer violated the rule against remarking upon plainly inadmissible matters in opening statements. *See Mills v. Commonwealth,* 310 Ky. 240, 243, 220 S.W.2d 376, 378 (Ky.1949).

### III. Prejudice

■ While KRE 609(a) allows Greer to impeach Polk on his prior felony record, Greer plainly exceeded the bounds of the Rule by characterizing Polk as a "persistent felon," which under Kentucky law is tantamount to labeling Polk as recidivist or a hardened career criminal. *See generally* KRS 532.080 (defining persistent felony offenders). In short, Greer took the yard granted by Rule 609(a) and impermissibly extended it. As all are agreed that this case turns on the relative credibility of the witnesses, Greer's "smearing" of Polk is unduly prejudicial. It clearly exceeds the degree of impeachment Polk was afforded by KRE 609(a). *Cf. Tabor v. Commonwealth,* 948 S.W.2d 569, 573 (Ky.App.1997). Because the outcome of the jury's verdict turned on a negative assessment of Polk's credibility, we cannot say that Greer's objectionable characterization of Polk was harmless. CR 61.01 Furthermore, we also hold the trial court abused its discretion by rejecting Polk's objection. The prejudice imposed upon Polk by Greer's opening statement necessitates a new trial here as the trial court precluded any opportunity for a curative admonition by passing Polk's motion for a new trial until after trial.

### Conclusion

For the foregoing reasons we reverse the trial court's denial of Polk's motion for a new trial.

ALL CONCUR.