# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 18, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2020-SC-0090-MR

LORI C. MATTIE          APPELLANT

V.          ON APPEAL FROM WHITLEY CIRCUIT COURT
HONORABLE PAUL K. WINCHESTER, JUDGE
NO. 17-CR-00127

COMMONWEALTH OF KENTUCKY          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

A Whitley Circuit Court jury convicted Appellant, Lori C. Mattie, of murder and second-degree unlawful imprisonment. Mattie was sentenced to life in prison with the possibility of parole, and now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). On appeal, Mattie alleges the trial court erred by twice denying her motion for mistrial made during the voir dire phase of her trial.

For the following reasons, we affirm.

## I. BACKGROUND

At the beginning of voir dire, the Circuit Court judge read Mattie's indictment to the jury pool. He read the murder and second-degree unlawful imprisonment charges in their entirety and then began to read the persistent

felony offender (PFO) charge.  The record is clear that the judge, once he started to read the charge, immediately recognized his mistake and stopped reading after saying the name of the charge, but before reading the factual basis underlying it.[1]

At the bench and in support of her motion, Mattie argued the jury should not have been informed of the PFO and should consider the PFO charge independently of the guilt phase of the trial.  The trial judge agreed but denied the motion, stating he had not read the entire charge and the limited information had not prejudiced the jury. As voir dire continued, Mattie's counsel asked prospective jurors "if anybody here feels that because a person has been convicted of a prior crime that they would be more likely than not to be guilty of this crime?"  None of the jurors responded affirmatively.  She then followed her question by asking, "What I'm saying in a nutshell, perhaps you've heard that somebody else is guilty of something else and you think they're a criminal.  Is there anybody here now that would say yes, that is true?"  Again, no juror responded affirmatively.

At the close of voir dire, Mattie once again moved for mistrial on the same grounds.  The trial judge again denied the motion. No instruction was ever given to the jury for PFO and no discussion was ever made on record as to

---

[1] The trial judge stated "Count Three, on or about the 23rd day of July, 2017, in Whitley County, Kentucky, the above-named defendant, Lori Mattie, committed the offense of being a persistent felony offender second degree when she committed. . . ." At that point, the trial judge trailed off and immediately stopped reading the charges.  The parties approached the bench and Mattie immediately made a motion for mistrial.

why it was dismissed. An order entered after the trial indicated it had been dismissed by agreement of the parties.

## II.  ANALYSIS

Mattie argues the trial court erred in denying her motions for mistrial after the jury was told at the beginning of voir dire that Mattie was a persistent felony offender.  It is well established that the decision to grant a mistrial is within the trial court's discretion and such a ruling will not be disturbed absent a showing of abuse of discretion. *Woodward v. Commonwealth,* 147 S.W.3d 63, 68 (Ky. 2004).  Moreover, "a mistrial is an extreme remedy and should be resorted to only when there is a fundamental defect in the proceeding and there is a 'manifest necessity for such an action.'  *Id.* Specifically, the need for mistrial "must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way." *Id.* "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999).

Furthermore, a trial court remains in the best position to determine whether a motion for mistrial is appropriate under the specific circumstances of the case.  *See Gray v. Goodenough,* 750 S.W.2d 428, 429 (Ky. 1988).  While we give the trial court wide discretion in ruling on mistrial motions, our precedent does not require "this Court to blindly adhere to a decision made in a trial court's discretion when such a decision was unsound." *Commonwealth v.*

*Padgett,* 563 S.W.3d 639, 647 (Ky. 2017). Therefore, we now examine the trial court's ruling below.

Mattie is correct in her contention that evidence of a prior conviction used to enhance an underlying felony offense is inadmissible during the guilt phase of the trial. *Commonwealth v. Philpott,* 75 S.W.3d 209, 212 (Ky. 2002) (citing *Clay v. Commonwealth,* 818 S.W.2d 264 (Ky. 1991)). However, as the Commonwealth notes, this Court has also established "an indictment issued by a grand jury is merely a charge of commission of a crime and is not any evidence of guilt." *Malone v. Commonwealth,* 30 S.W.3d 180, 182 (Ky. 2000).

In fact, before reading the indictment the trial judge told the jurors: "I want everyone to understand, in the room, that the indictment is merely a charge. It is not considered as evidence against either defendant, nor bearing any weight against either defendant. Both defendants are to be considered not guilty and this is just so we know why we're here today." Thus, potential jurors were informed from the beginning that being charged was not the same as being guilty and that the indictment could not be considered as evidence of guilt.

As a result, while the judge did err by starting to read the PFO charge, this mistake clearly cannot be considered a fundamental defect causing manifest injustice since there was no further mention or explanation of the charge and jurors were informed it was neither evidence nor carried any inference of guilt. Much less than creating a fundamental defect requiring a new trial, the trial court's error in starting to read the PFO charge during voir

4

dire was harmless. Defining harmless error, Kentucky Rule of Criminal Procedure 9.24, reads in pertinent part:

> no error or defect . . . in anything done or omitted by the court or by any of the parties, is ground for . . . disturbing a judgment . . . unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

The defense counsel's questioning of potential jurors probably drew more attention to the fact that Mattie had previous criminal convictions than anything the trial judge stated. Even so, the fact that no juror responded to the attorney's questions confirms that they were not swayed by any knowledge of prior criminal activity.

Finally, we note that both Mattie and the Commonwealth reference an unpublished Court of Appeals case, *Turner v. Commonwealth,* No. 2016-CA-001443-MR, 2017 WL 5508759 (Ky. App. Nov. 17, 2017), whose facts nearly mirror those presented here. In *Turner*, the trial judge, while reading the indictment to the jury pool, made a brief and inadvertent reference to the PFO II count and, like our case, did not identify or mention the nature of the defendant's prior convictions. Defense counsel moved for a mistrial and the trial court denied the motion. On appeal, the *Turner* court held that while the reference to the PFO count was improper, it could not be considered to have created a manifest necessity for a mistrial. *Id.* at 3. We find no significant difference between the facts of the *Turner case* and this case to warrant a different holding.

5

In this case, the trial court judge did not abuse his discretion in denying Mattie's motions for mistrial. Any prejudicial effect Mattie suffered as a result of the judge's comment was slight and would not warrant the extreme remedy of a mistrial. The trial court's decision was not arbitrary, unreasonable, unfair, or unsupported by sound legal principle; therefore, it was not manifestly necessary that the trial court grant her motion for mistrial.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Mattie's motion for mistrial.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Aaron Reed Baker
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Office of the Attorney General

Jenny Lynn Sanders
Assistant Attorney General